UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZIOKO SIMBI,

       Plaintiff,

v.                                             Case No:  2:16-cv-594-FtM-99MRM

FAMILY DOLLAR,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Family Dollar's[2] Motion to Dismiss (Doc. #3) filed on August 1, 2016.  Plaintiff Zioko Simbi, who is proceeding *pro se*, has not filed a response to Defendant's motion, and the time to do so has expired. Accordingly, Defendant's motion is ripe for review.

## BACKGROUND

This case arises from Plaintiff's former employment with Defendant.  Plaintiff alleges that for two days Defendant created a hostile work environment that forced him to resign.  (Doc. #2).  He seeks $300,000.00 in damages.  (Doc. #2).  Reading the Complaint very liberally, Plaintiff appears to bring this suit under Title VII of the Civil Rights

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant advises that Plaintiff has improperly brought this suit against "Family Dollar" because the proper designation is "Family Dollar Stores of Florida, LLC."  (Doc. #3 at 1).

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and/or the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10.

Plaintiff first filed this suit in the Twentieth Judicial Circuit in and for Lee County, Florida on July 8, 2016. (Doc. #2). In response, Defendant timely removed the case to this Court, citing both federal question jurisdiction and diversity of citizenship jurisdiction as the basis for removal. (Doc. #1). Defendant now moves to dismiss the Complaint.

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

When deciding a Rule 12(b)(6) motion to dismiss, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable

for the alleged misconduct.  See *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted).  But "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted).  *Pro se* litigants are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules.  See *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005); *Grew v. Hopper*, No. 2:07-cv-550, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).

## DISCUSSION

As stated, Defendant moves to dismiss the Complaint because Plaintiff has failed to state a claim that satisfies Rule 8 of the Federal Rules of Civil Procedure.  (Doc. #3, at 2-3).  According to Defendant, the three-sentence Complaint offers nothing more than legal conclusions unsupported by any facts.  Without factual support, Defendant maintains that it does not have fair notice of Plaintiff's hostile work environment claim.  (Doc. #3 at 3).  In addition to the pleading deficiencies, Defendant argues that dismissal is proper because Plaintiff has not demonstrated that he has exhausted his administrative remedies under Title VII and the FCRA.  (Doc. #3).

Here, the Complaint falls short of the pleading standards set forth in the Federal Rules of Civil Procedure. Plaintiff has not provided any factual support to assert a plausible claim for relief. Instead, the Complaint states – in its entirety – the following:

> The information that follows below contains the allegation against you.
>
> - Employment Discrimination.
>
> From June 23rd, 2016 to June 25th, 2016, Family Dollar created a hostile working environment for the plaintiff which caused him to resign.
>
> **Damages**: the damage I am requesting is $300,000 (three hundred thousand dollars)

(Doc. # 2 at 1). This is insufficient under any reading of *Iqbal* and *Twombly*. Title VII prohibits employers from discriminating against an employee because of his race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2. But the Complaint makes no mention of any protected class and, in effect, fails to specify how Plaintiff suffered a hostile work environment under Title VII.

Even setting aside the pleadings defects, the Complaint fails to show that Plaintiff has exhausted his administrative remedies. "Before a potential plaintiff may sue for discrimination under Title VII, []he must first exhaust h[is] administrative remedies. The first step down this path is filing a timely charge of discrimination with the" United States Equal Employment Opportunity Commission ("EEOC"). *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1318 (11th Cir. 2001); *see also* 42 U.S.C. § 2000e-5. Here, the Complaint does not state that Plaintiff first filed – as required – a charge of discrimination with the appropriate government agency. His failure to do so is fatal.

In conclusion, for the above stated reasons, the Court grants Defendant's Motion to Dismiss. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will grant him

leave to amend the Complaint in order to cure the deficiencies as expressed in this Order. In filing an Amended Complaint, the Court reminds Plaintiff that the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules bind him.[3]

Accordingly, it is now

**ORDERED:**

(1) Defendant Family Dollar's Motion to Dismiss (Doc. #3) is **GRANTED**.

(2) Plaintiff Zioko Simbi may file an amended complaint on or before **September 14, 2016**. **Plaintiff's failure to do so may result in the Court dismissing his case.**

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of August, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[3] Plaintiff may consult the Court's website at http://www.flmd.uscourts.gov for information on proceeding without a lawyer.